UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRY WHITNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 1:14-cv-01598-RLY-TAB |
| | ) |
| DEPARTMENT OF DEFENSE, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Terry Whitney, filed a *pro se* Employment Discrimination Complaint against the Department of Defense ("DoD"), alleging that the denial of his eligibility to occupy a non-critical sensitive position was the result of discrimination on the basis of sex, race, age, and sexual orientation. The DoD now moves to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

In April 2004, Plaintiff was promoted to an Accounting Technician position at the Defense Finance and Accounting Service ("DFAS[1]") in Indianapolis, Indiana. Because the position is designated as "non-critical sensitive," he was required to pass a background check. He did not and, in December 2008, the DoD removed him from the Accounting Technician position. After many years spent appealing that decision, the

---

[1] The DFAS is an agency of the DoD.

Merit Systems Protection Board issued a Final Order in September 2014 affirming the DoD's removal action. Plaintiff thereafter filed the present Complaint.

The issue presented is whether the court has jurisdiction to challenge the DoD's denial of Plaintiff's eligibility to hold a non-critical sensitive position. Pursuant to *Department of the Navy v. Egan*, 484 U.S. 518 (1988) and *Kaplan v. Conyers*, 733 F.3d 1148 (Fed. Cir. 2013), the court finds it does not.

In *Egan*, the United States Supreme Court held that the Merit Systems Protection Board did not have the authority to review the substance of an underlying decision to deny or revoke a security clearance in the course of reviewing an adverse action. *Egan*, 484 U.S. at 529-30. The Court reasoned that the President, as head of the Executive Branch and as Commander in Chief, has the power "to classify and control access to information bearing on national security," and the power "to determine whether an individual is sufficiently trustworthy to occupy a position in the Executive Branch that will give that person access to such information." *Id*. at 527. Agency officials who have been delegated the authority by the President to protect classified information, therefore, enjoy broad discretion in determining who may have access to it. *Id*. at 529. Thus, "a decision concerning the issuance or non-issuance of security clearance is a matter within the purview of the executive and is not to be second-guessed by the judiciary unless Congress had provided otherwise." *Hill v. White*, 321 F.3d 1334, 1336 (11th Cir. 2003) (citing *Egan*, 484 U.S. at 527-30). In *Conyers*, the Federal Circuit Court of Appeals held

that *Egan*'s holding extended to the DoD's national security determinations concerning the eligibility of an individual to occupy a sensitive position. 733 F.3d at 1160 ("[T]here is no meaningful difference in substance between a designation that a position is 'sensitive' and a designation that a position requires 'access to classified information[,]'" because "what matters is that both designations concern national security.").

Judicial review of Plaintiff's employment discrimination claims would necessarily require the court to delve into the merits of the DoD's security clearance determination. *Egan* and *Conyers* preclude that review. *See Hill v. White*, 321 F.3d 1334, 1335-36 (11th Cir. 2003) (plaintiff's claim that the initiation of his security clearance investigation was motivated by a desire to discriminate against him on the basis of his age was outside the jurisdiction of the court); *Ryan v. Reno*, 168 F.3d 520, 524 (D.C. Cir. 1999) ("Because the district court below could not proceed with the appellants' discrimination action without reviewing the merits of the DOJ's decision not to grant a clearance, the court was foreclosed from proceeding at all."); *Perez v. Fed. Bureau of Investigation*, 71 F.3d 513, 515 (5th Cir. 1995) (finding that neither the district court nor the court of appeals had subject matter jurisdiction to consider plaintiff's Title VII and *Bivens* claims arising from the revocation of his security clearance); *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 196 (9th Cir. 1995) (holding that *Egan* precludes judicial review of security clearance decisions made by the Executive or his delegee in the context of a Title VII

discrimination claim). Accordingly, the court must **GRANT** Defendant's Motion to Dismiss (Filing No. 18).

**SO ORDERED** this 25th day of February 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Copy by U.S. Mail to:

Terry Whitney
3469 Graceland Ave.
Indianapolis, IN 46208